LIBERTY NEWCOMB, Administratrix of
The Estate of KEVIN ANTHONY
NEWCOMB,

   Plaintiff

vs.

BLUE RIDGE MOUNTAIN ELECTRIC
MEMBERSHIP CORPORATION, a Georgia
Corporation, and COCHRAN FUNERAL
HOMES, INC., A Georgia Corporation,

   Defendants.

COMPLAINT
(Wrongful Death)
JURY

Plaintiff, complaining of defendants, alleges and says:

## THE PARTIES

1. Plaintiff, Liberty Newcomb, is the personal representative of the Estate of Kevin Newcomb, Haywood County, Estate File #08-E-91.

2. The deceased, Kevin Anthony Newcomb (hereinafter, "Kevin"), was a resident of Haywood County, North Carolina, who lived with his wife at 81 Winston Way, Waynesville, North Carolina, 28786. He died on January 7, 2008.

3. Defendant, Blue Ridge Mountain Electric Membership Corporation, (hereinafter "Blue Ridge"), is and was at all relevant times a foreign corporation, organized and existing under the laws of the State of Georgia, and doing business in Cherokee County, North Carolina. Blue Ridge is a customer owned utility, serving five counties in the North Georgia and Southern North Carolina Mountains. In addition to providing electric services in these counties, Blue

EXHIBIT B

Ridge is also an internet service provider, and in that capacity also owns, operates and maintains fiber optic cable lines.

4. Defendant, Cochran Funeral Homes, Inc., (hereinafter "Cochran") is and was at all times mentioned in this complaint, a corporation organized and existing under the laws of the State of Georgia, and the owner and operator of Cochran Funeral Home located in Murphy, Eastern Cherokee County, North Carolina. In addition, upon information and belief, Cochran owned the land, (hereinafter "the property") upon which the billboard, which is a subject matter of this action, was placed.

## THE UNDERLYING FACTS

5. On January 7, 2008, Kevin was on the job and working for his employer of two and a half years, Allison Outdoor Advertising, LTD, (hereinafter, "Allison"). Kevin installed advertising upon billboards for his employer and on that date he was in the process of installing a new advertisement upon a billboard located upon the property of defendant, Cochran, (hereinafter "the billboard").

6. At all times mentioned in this complaint, defendant, Blue Ridge, owned, managed and maintained a set of fiber optic cable lines that were buried underground upon the property of defendant, Cochran. The presence of these lines was marked by a hard, plastic marker stake placed thereupon by unknown employees or contractors of defendant, Blue Ridge, which said marker stood approximately 40 inches out of the ground, and which was situated just under the catwalk of the billboard upon which Kevin was working.

7. The marker stake, which is made of fiberglass, is very sharp on its corners, thin and rigid in design.

Page 2

8. The catwalk upon which Kevin Newcomb was working is made of metal and approximately 10-12 feet off the ground.

9. At approximately 1:30 p.m. on January 7, 2008, Kevin was preparing to install a new advertisement upon the billboard. During the preparation and installation process, a fellow employee of Allison was standing on the ground at the left side of the billboard and was transferring to Kevin, who was already standing on the catwalk, the end of the ad roll. Kevin began walking to the right end of the catwalk, while pulling the roll up onto the catwalk.

10. At that time and place, Kevin fell from the catwalk and onto the fiberglass marker stake placed by defendant Blue Ridge. He was impaled by the marker stake. He died of penetrating trauma to his thorax. The fatal wound was caused by the marker stake which entered his back and exited his chest wall.

11. Cherokee County EMS was immediately called and arrived at the scene within minutes. They transported Kevin to Murphy Medical Center. Kevin died within minutes of his fall.

## FIRST CLAIM FOR RELIEF

*(Negligence of Defendant Blue Ridge)*

12. The allegations set forth in the above paragraphs of this Complaint are realleged and incorporated herein by reference.

13. Defendant, Blue Ridge, installed the stake which marked the presence of its underground fiber optic cables. As such, it owed duties to Kevin to exercise reasonable skill, care, and diligence in said placement.

14. Defendant, Blue Ridge, undertook the location of and placement of the marker stake. By virtue of said undertaking, it obligated itself to use reasonable skill, care and diligence in the placement of the marker stake on the property.

15. Defendant, Blue Ridge, breached its duties and obligations by failing to exercise ordinary and reasonable care and skill in placing the marker stake.

16. Without limitation, Defendant ,Blue Ridge, was negligent and failed to discharge its duties in a reasonable and workmanlike fashion as follows:

   a. By failing to assess and eliminate unreasonably dangerous conditions in the placement of the marker stake;

   b. By failing to warn against unreasonably dangerous conditions resulting from the placement of the marker stake;

   c. By failing to identify and comply with applicable regulations, codes, ordinances, and recognized safety standards regulating the placement of the marker stake;

   d. By placing a marker stake of this type and design at a location where someone could be killed by a fall thereon;

   e. By failing to place appropriate safeguards upon the marker stake such as caps, pipes, or other covers to prevent fatal injury and loss of life;

   f. By failing to take adequate safeguards when it knew or should have known that injury and loss of life were likely by the placement of the marker stake under the billboard;

   g. By failing to use other methods of notice to the public of the existence of its fiber optic lines other than those actually used;

h. By elevating the welfare of fiber optic cable lines above the value of human life;

i. By failing to otherwise exercise due care with respect to the matters alleged in this complaint.

17. As a direct and proximate result of defendant, Blue Ridge's, negligence, the marker stake was placed in such a fashion as to cause or contribute to a dangerous condition upon the property as described herein and which otherwise deviated from standards of reasonable care.

18. As a direct and proximate result of the negligence of defendant, Blue Ridge, plaintiff has been damaged and will be damaged in an amount in excess of $10,000.00.

## SECOND CLAIM FOR RELIEF

*(Negligence of Defendant, Cochran Funeral Home)*

19. The allegations set forth in the foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

20. Defendant Cochran Funeral Home, as the owner of the property upon which the billboard, fiber optic cables and marker stake were all placed, also owed duties to Kevin to exercise reasonable skill, care, and diligence in said placement.

21. Defendant Cochran knew or should have known about the placement of the marker as it existed long enough to have discovered it through reasonable inspection or supervision of its own property.

22. Said defendant acquiesced in the location of and placement of the marker stake. By virtue of said undertaking, it obligated itself to use reasonable skill, care and diligence in the placement of the marker stake on the property.

23. Defendant Cochran breached its duties and obligations by failing to exercise ordinary and reasonable care in said undertaking.

24. Without limitation, Defendant Cochran was negligent and failed to discharge its duties in a reasonable fashion as follows:

    a. By failing to assess and eliminate unreasonably dangerous conditions in the placement of the marker stake;

    b. By failing to warn against unreasonably dangerous conditions resulting from the placement of the marker stake;

    c. By failing to identify and comply with applicable regulations, codes, ordinances, and recognized safety standards regulating the placement of the marker stake;

    d. By allowing to be placed a marker stake of this type and design at a location where someone could be killed by a fall thereon;

    e. By failing to place appropriate safeguards upon the marker stake to prevent fatal injury and loss of life;

    f. By failing to take adequate safeguards when it knew or should have known that injury and loss of life were likely by the placement of the marker stake under the billboard;

    g. By elevating the welfare of fiber optic cable lines above the value of human life;

    h.    By failing to otherwise exercise due care with respect to the matters alleged in this complaint.

25.    As a direct and proximate result of defendant Cochran's negligence, the marker stake was placed in such a fashion as to cause or contribute to adverse and defective conditions, including, but not limited to, a dangerous condition upon the property as described herein and which otherwise deviated from standards of reasonable care.

26.    As a direct and proximate result of the negligence of both defendants as set forth above, Kevin Newcomb died on January 7, 2008.

27.    As a direct and proximate result of the aforesaid acts and omissions of the defendants, Kevin suffered pain and injury causing his untimely death.

28.    As a direct and proximate result of the negligent conduct of the defendants, as alleged above, plaintiff, Liberty Newcomb as the wife and personal representative of Kevin's estate, is entitled to recover damages in excess of $10,000.00 for the death by wrongful act as provided by North Carolina General Statutes §28A-18-2.

WHEREFORE, plaintiff respectfully prays the Court, as follows:

1.    That plaintiff have and recover of the defendants, jointly and severally, damages in a sum in excess of Ten Thousand ($10,000.00) Dollars;

2.    That the costs of this action be taxed against defendants;

3.    For prejudgment interest as of the date of the filing of this Complaint against defendants;

4.    For a trial by jury on all claims for relief; and

5.    For such other and further relief as to the Court may seem just and proper.

Case 1:09-cv-00067-MR-DLH   Document 1-2   Filed 02/12/09   Page 7 of 8

THIS, the 6 day of January, 2009.

FERIKES & BLEYNAT, PLLC

By _____
JOSEPH A. FERIKES [SB #10875]

By _____
MARY MARCH EXUM [SB #23092]

Attorneys for Plaintiff
21 Broad Street
Asheville, N.C. 28801
Telephone: 828/251-1588
Facsimile: 828/251-2214